IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCIS JONES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| SAM'S EAST, INC., (D/B/A SAM'S | § | |
| CLUB # 4764) | § | DEFENDANTS DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, SAM'S EAST, INC., ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

## I.
## INCIDENT BACKGROUND AND LAWSUIT

1. Plaintiff, Francis Jones, claims on September 5, 2021, at Sam's Club store #4764 located at 20424 Katy Freeway, Katy, Tx 77449, he attempted to grab a plastic table by reaching under a metal rack to grab the table. *See* Pl.'s Orig. Pet. (Ex. A) at ¶¶ IV. Plaintiff was bending down to grab the table, and as he backed out, an alleged unsecured metal bar from the rack struck him in this head. *Id.* Plaintiff asserts claims of negligence against the defendant. *See id.* at ¶¶ V. Plaintiff's lawsuit expressly alleges that he is seeking monetary damages over $250,000.00, but not more than $1,000,000.00. *See id.* at ¶ I.

## II.
## TIMELINESS OF REMOVAL

2. Plaintiff commenced this lawsuit by filing his Original Petition on April 12, 2022. Plaintiff served Defendant with his Original Petition on April 14, 2022.

3. Defendant's Notice of Removal is timely filed, as it is being filed within 30 days after the date it was served. *See* 28 U.S.C. § 1446.

## III. THE PARTIES

4. According to his lawsuit, Plaintiff resides in Harris County, Texas, and resided there at the time he filed suit. *See* Ex. A at ¶ II. Thus, at the time Plaintiff filed his lawsuit and at the time Defendant filed this Notice of Removal, Plaintiff was a citizen of the State of Texas.

5. Plaintiff named Sam's East, Inc. as a defendant. *See id.* at II. Plaintiff pleaded that Sam's East, Inc. was a corporation doing business in the State of Texas. *See id.* A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed his lawsuit and at the time Defendant filed this Notice of Removal, Defendant was a corporation and was incorporated in the State of Arkansas under the laws of the State of Arkansas. At the time Plaintiff filed his lawsuit and at the time Defendant filed this Notice of Removal, Defendant's principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Defendant was a citizen of the States of Arkansas.

6. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Defendant is an incorporated entity under the laws of the State of Arkansas with its principal place of business in Arkansas. Therefore, Defendant is a citizen of Arkansas.

## IV.
## BASIS FOR REMOVAL JURISDICTION

7. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the properly joined parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. There is complete diversity of citizenship.**

8. There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between the Texas Plaintiff and the out-of-state defendant, Sam's East, Inc., which is a citizen of Arkansas.

**B. The amount in controversy requirement is met.**

9. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that he seeks monetary relief from his lawsuit of greater than $75,000. *See* Pl.'s Orig. Pet. (Ex. A) at § I.

**C. This removal is timely, and venue is proper.**

10. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Defendant, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D. Procedural requirements for removal are satisfied**

11. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 55st Judicial District Court, Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## V.
## CONCLUSION AND PRAYER

12. Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Stephanie B. Donaho
State Bar No. 24055213
Federal ID No. 3028742
5615 Kirby Drive, Suite 900

4

                                            Houston, Texas 77005
                                            Telephone: (713) 626-1555
                                            Facsimile: (713) 622-8077
                                            jramirez.atty@bushramirez.com
                                            sdonaho.atty@bushramirez.com

                                            **ATTORNEYS FOR DEFENDANT,**
                                            **SAM'S EAST, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 11th day of May 2022.

            Sofia M. Strauss
            Law Offices of Domingo Garcia
            12929 Gulf Freeway
            Houston, Texas 77034

                                            */s/ John A. Ramirez*
                                            John A. Ramirez